Argued September 10, affirmed September 28, 1926.

## STATE *v.* A. C. NUTTER.

(249 Pac. 635.)

**Intoxicating Liquors—Books and Papers of Defendant Found on Premises, Where Intoxicating Liquors were Unlawfully Manufactured, were Properly Received in Evidence, as Tending to Show Defendant's Connection With Crime.**

1.  Where there was evidence that some person was unlawfully engaged in manufacture of intoxicating liquor in certain dwelling-house, it was proper to receive in evidence books and papers of defendant found therein, since they constituted evidence tending to connect defendant with crime

**Criminal Law—Complaint Filed in Justice Court Specifying Time and Place Defendant Unlawfully Manufactured Intoxicating Liquor Properly Advised Defendant of Charge (§§ 2224–2258, Or. L.).**

2.  In liquor prosecution, where complaint filed in justice court specified time and place defendant unlawfully manufactured intoxicating liquor, defendant was properly advised of charge against him since, under Section 2224–58, Or. L., complaint thus filed is treated as indictment.

**Criminal Law.**

3.  It was not error to refuse correct instruction upon circumstantial evidence, where defendant was not tried nor convicted upon circumstantial evidence alone.

**Criminal Law—Statement by Court That Liquor in Evidence was Poisonous Held not Error, Character of Liquor not Being in Issue.**

4.  In liquor prosecution, statement by court that he would not allow liquor to go into jury-room, because it was poisonous, *held* not error, since grade of intoxicating liquor was not in issue.

---

Criminal Law, 16 **C. J.**, p. 833, n. 86, 93 New, p. 1010, n. 14.
Intoxicating Liquors, 33 **C. J.**, p. 708, n. 9, 10, p. 729, n. 42, p. 758, n. 80, p. 787, n. 64, 65.

From Clackamas: J. U. CAMPBELL, Judge.

Department 1.

The defendant was convicted in the Justice Court of the crime of manufacturing intoxicating liquor, and

upon appeal to the Circuit Court was again convicted. From the judgment there rendered he appeals to this court.                        AFFIRMED.

For appellant there was a brief over the names of *Mr. George R. Lewis,* and *Messrs. Collier, Collier & Bernard,* with an oral argument by *Mr. William G. Smith.*

For respondent there was a brief and oral argument by *Mr. Livy Stipp,* District Attorney.

BROWN, J.—1. The testimony offered by the State consisted of both direct and circumstantial evidence. There is direct evidence to the effect that, at the time and place in question, some person was unlawfully engaged in the manufacture of intoxicating liquor. The prosecution sought to show by circumstantial evidence that the defendant was that person. An account-book, the property of defendant and containing a number of his papers, found at the scene of the crime, was offered and received in evidence over defendant's objection. These books and papers constitute evidence tending to connect the defendant with the crime, and were rightly received into the record for that purpose.

2. The defendant challenges the sufficiency of the complaint filed in the Justice Court. A complaint thus filed is treated by law as an indictment. This document alleges that, at a specified time and place, the defendant unlawfully manufactured intoxicating liquor. The defendant was properly advised of the charge against him: Or. L., § 2224—58; *State* v.

*Rosasco,* 103 Or. 343 (205 Pac. 290), and the authorities there noted.

Neither was it error for the court to refuse to take the case from the jury on defendant's motion. From the evidence adduced upon the trial, the jury was authorized to find that the defendant was in the lawful possession and occupancy of the dwelling-house where the liquor was being unlawfully manufactured, and that the defendant was engaged in the manufacture thereof.

3. The defendant also contends that the case should be reversed because the court refused a correct instruction upon circumstantial evidence and gave one of its own. The defendant was not tried nor convicted upon circumstantial evidence alone. However, the court gave an instruction upon that subject in the following language:

"Before you may convict the defendant on circumstantial evidence alone, the circumstances would have to be such that you could not explain them away on any other reasonable hypothesis excepting the guilt of the defendant. If they can be explained away consistent with his innocence, it would be your duty to do so. * * *"

4. Nor should this case be reversed because the court made the following statement to the jury:

"That liquor I will not allow to go to the jury-room, because someone might be tempted to test it, and I am informed it is very poisonous."

The grade of the intoxicating liquor was not a matter in issue. There was no dispute as to its character. Furthermore, this court has held that alcohol is a substance deleterious to health, and, in fact, a poison: *Hoefler* v. *Mickle,* 78 Or. 399 (153 Pac. 417).

We have examined all of the assignments of error and find no valid reason for a reversal. This case is affirmed.        AFFIRMED.

MCBRIDE, C. J., and BURNETT and COSHOW, JJ., concur.